Jacob Markowitz, J.
Plaintiff’s application for a preliminary injunction enjoining the Consolidated Edison Company of New York from failing to provide the regular gas and electric service to plaintiff’s residential premises so long as the obligations concerning and limited to his residential premises are met, is granted. The papers indicate that, at the present time, such obligations have been met by plaintiff.
The gravamen of the present application and of the ultimate relief sought can be traced to the transfer and addition by defendant utility company of the charges in plaintiff’s business account to plaintiff’s resident account. Three significant factors must be considered with regard to this transfer: the alleged balance in the business account exceeded $500; the amount was disputed by plaintiff who had closed the coffee shop involved in the latter part of 1963; the addition of the business account to plaintiff’s residential account subjected the plaintiff to discontinuance of gas and electric service to his residential premises if he did not pay the combined total amount allegedly due.
Nothing in either the private agreement between the defendant and its customer or in the statutory provisions regulating the rights and responsibilities of defendant utility company supports or warrants the exercise of power as manifested by the aforesaid actions on the part of defendant. Nor, in view of the coercive force wielded by this defendant, to wit, to discontinue gas and electric service to plaintiff and his family, does the “ contract ” signed by plaintiff overcome this evident abuse of power.
Monopolistic power run rampant is repugnant to the basic tenets of our society. A fortiori is this true of a utility company which by its very nature vitally affects the public interest and which occupies its monopolistic status by virtue of governmental franchise.
It is true that planitiff’s papers have not been drawn with the artistic refinement urged by defendant to be a prerequisite to judicial action at this stage of the lawsuit. Weighed against the evident abdication of the utility company’s responsibility to the public and to this plaintiff and the attendant injury to plain *206 tiff and Ms family, such formalistic requirements fade into insignificance.
The defendant is directed to restore service forthwith in plaintiff’s resident premises.